UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NANCY THURMAN, Individually and as Next Friend to Tasha Jones,
    *Plaintiff*,

*vs.*

PRIME QUEST MANAGEMENT, LLC,
WILLIAMSBURY ON THE LAKE, LLC, d/b/a
ABNEY LAKE APARTMENTS,
    *Defendants.*

1:09-cv-1453-JMS-TAB

## ORDER

Plaintiff and Defendants in the above-captioned matter stipulated to a voluntary dismissal of this case on June 11, 2011 following a settlement agreement. [Dkt. 77.] The Court entered its Order of Dismissal the following day. [Dkt. 78.] Plaintiff now asks the Court to enforce the settlement agreement, and to award sanctions and attorneys fees based on Defendants' alleged non-compliance with the agreement. [Dkt. 80.]

"Disputes about settlement contracts must be resolved in state court, unless they independently satisfy the requirements of federal jurisdiction," or unless the Court retained jurisdiction to enforce the settlement. *Goulding Med. Prods. Holdings, Inc.*, 394 F.3d 466, 467-68 (7th Cir. 2005); *Unelko Corp. v. Prestone Products Corp.*, 116 F.3d 237, 239 (7th Cir. 1997).

Here, the Court did not retain jurisdiction to enforce the settlement agreement after dismissal. Furthermore, the Court has no independent basis for jurisdiction—there is not diversity of citizenship, and the amount in controversy does not exceed $ 75,000 as required under 28 U.S.C. § 1332(a). Consequently, the Court lacks subject matter jurisdiction to consider the relief requested by Plaintiffs; it will therefore not address the merits of the alleged breach of

the settlement agreement or of the propriety of sanctions. Plaintiff's Emergency Motion to Enforce Settlement Agreement is **DENIED**. [Dkt. 80.]

Defendants also request sanctions and fees under Rule 11. [Dkt. 86 at 4 ("[P]laintiff[']s Emergency Motion is not only meritless, but frivolous and groundless . . . . Plaintiffs' lawyers should be sanctioned and ordered to pay [D]efendants' attorney fees incurred in responding to the Motion.").] Because the Court does not have jurisdiction over this matter, it will not evaluate the merits of Defendants' request for sanctions related to this matter. Even if the Court could address Defendants' request, however, Defendants have not complied with the Rule 11 Safe Harbor Provision, Fed. R. 11(c)(2); the Court declines to *sua sponte* order sanctions, including attorneys fees. Defendants' request for sanctions is therefore **DENIED**.

07/20/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Cynthia L. Ball
LANDMAN & BEATTY, LLP
clball@landmanbeatty.com

James F. Beatty
LANDMAN & BEATTY
jfbeatty@landmanbeatty.com

Rudy Coram
ROBERTS & BISHOP
rcoram@roberts-bishop.com

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Donald D. Levenhagen
LANDMAN & BEATTY LLP
dlevenhagen@landmanbeatty.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrjustice@aol.com

Blair Wheat
ROBERTS & BISHOP
bwheat@roberts-bishop.com